IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,701-02






EX PARTE JOSEPH JACOB PEREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5322 IN THE 33RD DISTRICT COURT


FROM SAN SABA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture of
a controlled substance and sentenced to thirty years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because counsel advised Applicant that if he did not plead guilty, he would be sentenced to at least
forty years' imprisonment. On June 10, 2009, we remanded this application for findings of fact and
conclusions of law. On remand, the trial court made findings of fact and concluded that trial
counsel's advice was not deficient. We believe that the record is not sufficient to resolve Applicant's
claim. The proper punishment range was five to ninety-nine years or life. (1) Tex. Health & Safety
Code § 481.112(d); Tex. Pen. Code § 12.32. In these circumstances, additional facts are needed.
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to file an affidavit
in response to Applicant's claim.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel rendered deficient performance and, if so, whether Applicant was prejudiced. The trial court
shall also make any other findings and conclusions that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 3, 2010

Do not publish
1. It also appears from the original plea record that Applicant was admonished that the
punishment range was two to twenty years.